**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

DRAIN M. SHORT                          *
                                        *         Civil No. AW-07-1241
      v.                                *         Criminal  No. AW-06-0013
                                        *
                                        *
UNITED STATES OF AMERICA          ******

**<u>MEMORANDUM OPINION</u>**

     Before the Court is a Motion/Petition by the Petitioner/Defendant, Drain M. Short,  for relief pursuant to 18 U.S.C. § 2255.   On May 24, 2006, and pursuant to a written plea agreement, Petitioner entered a guilty plea to counts eight (bank fraud-18 U.S.C § 1344) and fifteen (use and possession of means of identification of another during and in relation to a felony-18 U.S.C. § 1028 A (a) (1) of  the  indictment pending against Petitioner.

     Initially, Petitioner's base offense level under the Federal Sentencing Guidelines ("Guidelines") for count 8 (bank fraud)  count  was a 13  with a criminal history category of V. Count 15 (use and possession of means of identification of another during and in relation to a felony, to wit: Aggravated Identity Theft) carried a mandatory-minimum 24 month sentence consecutive to the sentence imposed for count 8.    Following an adjustment under 5K1.1 for a downward departure of two levels, the final offense level for count 8 was an 11 (eleven).  On February 9, 2006, the Court sentenced Petitioner to the absolute minimum guideline range sentence of 24 months for count 8 and then imposed the mandatory consecutive sentence of 24 months for count 15. Petitioner, therefore, was sentenced to a total of 48 months with credit for time served commencing August 29, 2005.   No appeal was filed within 10 days of the sentencing as required under the rules.

In his instant Motion together with the subsequent addendum to his Motion which Petitioner filed on May 19, 2008,  Petitioner presents a number of  grounds that he contends entitle him to relief.  First, Petitioner asserts that his counsel rendered ineffective assistance of counsel by negotiating away his constitutional rights through a plea agreement, by failing to challenge the indictment, by failing to challenge the sentencing guidelines in violation of his due process, by failing to seek discovery, by failing to file a motion for a mental study, and by failing to consult with Petitioner about filing a notice of appeal within 10 days following his sentencing.  Next, Petitioner contends that the Court failed to conduct a proper Rule 11 inquiry by failing to advise petitioner that among the consequences of supervised release is that Petitioner  could be incarcerated for a term exceeding the federal guideline sentence. Petitioner also accused the Court of judicial misconduct by ignoring Petitioner's mental defect.  Next Petitioner challenges the constitutionality of the federal sentencing guidelines and further contends that his double jeopardy rights were violated by the use of a prior state conviction to enhance his sentence under the federal  guidelines.  Petitioner also claims that a miscarriage of justice occurred when Petitioner was not indicted by a proper grand jury nor tried by a jury.  Petitioner next claims that the trial court lacked subject matter jurisdiction to impose two 24 month sentences consecutive to each other.  Finally, Petitioner claims that he is the victim of prosecutorial misconduct because the Government failed to serve all pleadings on Petitioner in violation of his due process rights.

Preliminarily, the Court agrees with the Government that Petitioner has defaulted on his claims and, thus, has waived several of his instant arguments. With respect to his claims of judicial misconduct in allegedly ignoring Petitioner's mental state, of the unconstitutionality of the federal

2

sentencing guidelines , of alleged violations of double jeopardy, of having been improperly indicted by a grand jury, of not having been tried by a jury, of lack of subject matter jurisdiction for the court imposing consecutive sentences, and of prosecutorial misconduct when the Government failed to serve all pleadings on Petitioner, none of these  claims and issues were raised before this Court at the trial level.  Nor did Petitioner present these arguments to the Fourth Circuit on appeal. Moreover, there is no basis to find that these procedural defaults are excused inasmuch as the record herein is bereft of "cause and actual prejudice" for the default, the relevant standard set forth in United States v. Frady, 456 U.S. 152, 168 (1982).  Also see, United States v. Metzger 3 F.3d 756,757 (Fourth Cir. 1993).  Accordingly, these issues have been waived.  Even if these issues were not waived, the Court finds these claims to be no more than  bald allegations and bereft of any factual or legal  basis of credence.  Petitioner had not cited anything in the record to support these claims of constitutional and other violations.  Nor has Petitioner pointed out anything to support his claims of judicial or prosecutorial misconduct.

With respect to the claim by Petitioner that his counsel was ineffective, the Court reviews his allegations under the well established standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), under which a claimant must establish the two prong standard of deficient performance and prejudice.  In other words, in order to succeed on his claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient in that counsel made errors so serious that he ceased to function as a counsel within the meaning of the Sixth Amendment, and that the alleged deficient performance prejudiced the defense.  Id.

In this case, Petitioner, with the assistance of his counsel, bargained for a sentence well below his initial exposure under the Guidelines.  The Petitioner signed a plea agreement and acknowledged in an extensive rule 11 colloquy that he committed the offenses and that he wanted to pled guilty.  The Court has reviewed the transcript of the rule 11 proceeding.  From a review of the transcript, it is abundantly clear that the court asked the relevant questions, including having advised Petitioner of the consequences of his guilty plea, before  concluding that the Petitioner had made a knowing and voluntary decision to plead guilty.   See Government's Exhibit B (The Transcript). While  Petitioner mentioned during the rule 11 proceedings that he had problems when he was 8 years old,  that he had seen a psychiatrist in 2002, and that he previously had an addiction with PCP, Petitioner advised the Court that he understood what was going on, and that he felt "okay" at the time that he made his guilty plea. (Transcript pages 7-8).   Further, Petitioner advised the Court under oath and during the course of the  Rule 11 colloquy that he understood all of his rights, was satisfied with the services of his attorney and that Petitioner had reached a decision to plead guilty.  Petitioner indicated that he understood the plea agreement and understood that he and the Government were waiving their rights to appeal.  At no time did Petitioner indicate that he had  any problem with his counsel nor with his counsel's representation.  Nowhere in this Motion does it indicate that Petitioner advised his counsel that he wanted to appeal.  The Motion only asserts that his counsel failed to consult with Petitioner with respect to the ten days deadline in which to file a notice of an appeal.  Petitioner, of course,  waived his appeal rights in the plea agreement and as previously stated Petitioner  acknowledged in open court and in  answer to the Court's question that he understood he was waiving his rights to appeal. Moreover,  immediately after imposing the sentence, the Court

advised Petitioner that he had 10 days from February 9, 2006 to note an appeal.   Under these circumstances and, particularly, where Petitioner never indicated that he wanted to appeal, the Court is unable to conclude that Petitioner's counsel was derelict in his performance.

Petitioner quite simply has failed to present any specificity or any factual basis to support his claims of ineffective assistance of counsel.  More specifically, the record reflects that Petitioner was indicted by a Grand Jury, had counsel appointed for him, and with the assistance of his counsel Petitioner waived his right to a jury trial and entered a guilty plea.  Beyond Petitioner's bald allegations and self serving suggestions of a defective indictment and/or an improperly convened grand jury, Petitioner points to nothing to convince this Court that his counsel was required to challenge these matters.  In sum, the Court does not believe on this record that Petitioner has made any showing that counsel's performance was legally deficient nor is there any evidence of prejudice pursuant to the Strickland standard.  Accordingly, Petitioner's ineffective assistance of counsel claim must fail.

Petitioner also claims that the Court failed to conduct a proper rule 11 inquiry.  Specifically, Petitioner asserts that he was not advised of the consequences of being placed on supervised release and that he was never advised that the consequences of violating supervised release could result in a sentence exceeding the guideline sentence.  The record reflects otherwise.  A review of the transcript of the plea hearing reflects that Petitioner, indeed,  acknowledged that he understood his exposure of up to thirty  years of incarceration and that he understood the consequences of supervised release which could expose him to an additional sentence beyond the initial sentence imposed should he violate any condition of supervised release.  See Government's Exhibit B

(Transcript- page 11) where Petitioner responded: "Yes, sir."   This claim, therefore,  is wholly without merit.

Lastly, in addition to his § 2255 Motion, Petitioner has also filed a number of motions which are pending before the Court.   These Motions are styled as follows:   A Motion to be granted because of the Government's failure to show cause why his  § 2255 relief  should not be granted; A Motion for Judgment By Default; and a Petition For Summary Judgment.   These Motions repeat many of the arguments presented by Petitioner in support of the his  § 2255 Motion.   The Court has reviewed these additional Motions and concludes that they are devoid of merit.   Moreover, in light of the determination by the Court that Petitioner has not set forth a cognizable basis for relief under his § 2255 Petition, the Court  likewise finds these arguments lacking in merit and, hence, must be rejected.

In sum, the Court has reviewed the current pleadings and the entire files relative to the present Motion as well as the underlying criminal case.   The Court finds that Petitioner has not demonstrated a legal and cognizable basis for relief.   Accordingly, the Petitioner's Motion pursuant to § 2255 is DENIED.   A separate Order will be issued.


Date:   August 13, 2008


_____/s/_____
Alexander Williams, Jr.
United States District Judge